IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:07-HC-2204-FL

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | **ORDER** |
|  | ) |  |
| ROBERT WAYNE FISCUS, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

This case brought under 18 U.S.C. § 4248 ("§ 4248") comes before the court, in part, on the government's motion (D.E. 41) to shorten the time for response to the government's emergency motion (D.E. 40) to compel respondent to submit to a psychological interview. The motion to shorten time sought an order requiring respondent to file a response to the motion to compel by noon today. At the undersigned's direction, the Clerk's Office contacted respondent's counsel this morning, who confirmed that he planned to file a response by the requested noon deadline, which he did (*see* D.E. 42). The court will therefore deny as moot the motion to shorten time.

The next matter before the court is whether the motion to compel needs to be determined on an emergency basis. By its motion to compel, the government seeks an order compelling respondent to submit to a psychological interview by Dr. Dale Arnold, its proposed "non-BOP"[1] expert, during his current visit to the Federal Correctional Institution at Butner, North Carolina ("FCI-Butner") where respondent is incarcerated. The government asserts that Dr. Arnold has traveled from Pismo Beach, California, where he practices, to FCI-Butner to conduct an interview of respondent and other

---

[1] The court assumes that this acronym signifies Dr. Arnold's status as a non-employee of the Federal Bureau of Prisons.

§ 4248 respondents who had agreed to be interviewed. The government states that, despite this earlier agreement, respondent has now refused to participate in an interview. The government seeks an immediate ruling on its motion to compel on the grounds that Dr. Arnold is scheduled to return to California tomorrow evening, 6 April 2011, and a return trip for a later interview, were the court to order one, would be at significant expense, that is, at least $4,000.00.

In his response to the motion to compel, respondent states his objection to the merits of the government's motion, but also asserts that the disposition of the motion should not be on an emergency basis and that he requires more time to file an appropriate response. He argues that the issues raised by the government's motion are important ones with significant implications for all § 4248 cases pending in this district. He also contends that because Dr. Arnold is here to interview other § 4248 respondents and will likely return in the future, there is no need for handling the motion to compel on an emergency basis.

The court agrees with respondent. The government has failed to demonstrate that an immediate ruling on its motion to compel is justified under the circumstances, including the potential widespread implications of the ruling on the motion in other § 4248 cases, the important interests implicated by the motion, and the apparent availability of Dr. Arnold in the future should the motion be allowed. The court will therefore deny the government's request for immediate determination of its motion to compel and will establish an appropriate briefing schedule.

IT IS THEREFORE ORDERED as follows:

1. The government's motion (D.E. 41) to shorten time for response is DENIED AS MOOT.

2. The government's request that its motion to compel be determined on an emergency basis is DENIED.

3. Respondent shall have until 19 April 2011 to file a de novo response to the government's motion to compel.

4. The government shall have until 26 April 2011 to file any reply.

5. In addition to any other issues the parties choose to discuss in their respective briefs, they shall address the following:

    a. Whether the court has authority under 18 U.S.C. §§ 4247 ("§ 4247") and 4248 or other applicable law to order respondent to submit to an examination by a psychiatrist or psychologist who has not been designated by an order of the court pursuant to 18 U.S.C. § 4247(b).[2]

    b. Whether an examination ordered under § 4247 is done on behalf of the court, rather than either party, to help provide the court the information it needs to resolve the merits of the case and that the court may therefore appropriately order a respondent to submit to such an examination.

    c. Whether ordering a respondent to submit to an examination under § 4247 has the effect of making that examination one on behalf of the court, irrespective of its status otherwise.

    d. Whether any relevant guidance regarding examinations under § 4247 can be gleaned from Federal Rule of Civil Procedure 35.

---

[2] The court notes that neither the government's proposed experts (Dr. Arnold and Tanya L. Cunic, Psy.D. (*see* expert reports filed at D.E. 17-19)) nor the proposed expert chosen by the respondent, Dr. Alicia Pellegrin (*see* Notice of Respondent's Mental Health Examiner (D.E. 36)) has been designated by order of the court.

SO ORDERED, this 5th day of April 2011.

                                              James E. Gates
                                              United States Magistrate Judge