# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION
#### 5:07-HC-2204-FL

|                           |   |       |
|---------------------------|---|-------|
| UNITED STATES OF AMERICA  | ) |       |
|                           | ) |       |
| Petitioner,               | ) |       |
|                           | ) |       |
| v.                        | ) | **ORDER** |
|                           | ) |       |
| ROBERT WAYNE FISCUS       | ) |       |
|                           | ) |       |
| Respondent.               | ) |       |

This case comes before the court on the parties' joint proposal (DE # 80) for acceptance of the consent of respondent to be committed as a sexually dangerous person pursuant to 18 U.S.C. § 4248. The parties have filed under seal a stipulation of facts lodged at docket entry 85, which provides the purported factual basis for respondent's consent to commitment. The parties also have filed a notice of concession and voluntary entry into civil commitment. Pursuant to 28 U.S.C. § 636(b)(1), United States Magistrate Judge James E. Gates entered memorandum and recommendation ("M&R") wherein he recommends that the court order respondent committed. The parties have executed and filed a waiver of their rights to object to the M&R, lodged on the docket at entry 87. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the findings and recommendations of the magistrate judge.

Upon careful review of the M&R, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Because the parties have waived their rights to object, the court reviews the magistrate judge's findings and conclusions only for clear error, and need not give any explanation for adopting the

M&R.  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

The court hereby ADOPTS the M&R as its own and finds that respondent is fully competent to consent to commitment under 18 U.S.C. § 4248.  He is aware of the nature of commitment under 18 U.S.C. § 4248 and the consequences thereof.  He knowingly and voluntarily consents to commitment under 18 U.S.C. § 4248, for which there exists an independent basis in fact containing each of the essential elements for commitment under 18 U.S.C. § 4248, and respondent is a sexually dangerous person within the meaning of 18 U.S.C. § 4247(a)(5) and (6).

IT IS THEREFORE ORDERED that:

1.      Respondent knowingly and voluntarily consents to commitment under 18 U.S.C. § 4248, for which there exists an independent basis in fact containing each of the essential elements for commitment under 18 U.S.C. § 4248.

2.      Respondent is a sexually dangerous person within the meaning of 18 U.S.C. § 4247(a)(5) and (6).

3.      Respondent is hereby COMMITTED to the custody of the United States Attorney General as a sexually dangerous person pursuant to 18 U.S.C. § 4248(d).

SO ORDERED, this the 5th day of April, 2012.

_____
LOUISE W. FLANAGAN
United States District Court Judge

2